**DECORA INCORPORATED, Plaintiff,**

v.

**DW WALLCOVERING, INC., David Weinberg, and Gracious Home, Defendants.**

**No. 94 Civ. 8646 (JGK).**

United States District Court, S.D. New York.

Oct. 24, 1995.

Thomas M. Gibson, Martin P. Endres, Hedman, Gibson & Costigan, P.C., New York City, for plaintiff Decora Incorporated.

Paul Fields, Amy J. Benjamin, Darby & Darby, P.C., New York City, for defendants DW Wallcovering, Inc. and David Weinberg.

Theodore C. Max, Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant Gracious Home.

## MEMORANDUM OPINION AND ORDER

KOELTL, District Judge:

The defendants DW Wallcovering, Inc. and David Weinberg have moved for reconsideration of this Court's Opinion and Order dated August 30, 1995 (the "Opinion") disqualifying Joseph R. Robinson and the law firm of Darby & Darby, P.C.. *See Decora Incorporated v. DW Wallcovering, Inc.,* 899 F.Supp. 132 (S.D.N.Y.1995). In the alternative, the defendants seek to have the disqualification order certified for immediate appeal pursuant to 28 U.S.C. § 1292(b) and seek to continue the stay of this action until such appeal is decided. Each of the motions is denied.

Familiarity with the facts described in the Opinion is presumed. *See Decora,* 899 F.Supp. at 133–135. Defendants argue for reconsideration on two bases. First, they claim that the Court should not have received *ex parte* oral testimony on the question of whether there was a substantial relationship between Robinson's prior representation of the plaintiff Decora Incorporated ("Decora") and the current litigation in which Robinson and his current firm, Darby & Darby, represent the defendants against Decora, Robinson's former client. Second, defendants claim that it is inequitable for Decora to seek disqualification of Robinson after having incorrectly advised Robinson initially that no conflict existed.

Neither asserted ground is a basis for reconsideration. The defendants point to no controlling decision or matter that the Court overlooked. *See* Rule 3(j), Civil Rules of the

Southern District of New York.[1] Nevertheless, the Court has reviewed the defendants' objections and finds them incorrect on the merits.

### I.

■ The defendants concede that courts have recognized the acceptability of *ex parte* document submissions to rebut the presumption that an attorney who worked on a substantially-related matter for a former client actually obtained confidential information. *See Government of India v. Cook Indus., Inc.,* 569 F.2d 737, 741 (2d Cir.1978) (Mansfield, J., concurring); *United States Football League v. Nat'l Football League,* 605 F.Supp. 1448, 1462 (S.D.N.Y.1985); *see also Decora,* 899 F.Supp. at 137–139. The defendants contend, however, that this procedure should not be used where testimony or documents are offered to establish the existence of a substantial relationship in the first instance.

The defendants are mistaken in this case for several reasons. First, there was evidence in addition to the *in camera* submissions that showed that Robinson's original computer search for Decora related to the '319 Patent at issue in this case. (*See* Aff. of Edward A. Hedman, Esq., sworn to Feb. 9, 1995, submitted in support of original motion, ¶¶ 7–9; T. at 2–4, 6–7.)[2] Moreover, Decora's papers and argument on the original motion referred specifically to Robinson's work on the issues of the invalidity of the very same patent. (*See* T. at 2–4, 6–7.) In the present case, the plaintiff chose to go further and present additional *ex parte in camera* evidence to show that the former client's confidential information was actually imparted. As this Court explained in the Opinion:

> Here, the plaintiff understandably sought to make a showing that confidences were actually communicated, in view of the defendants' argument that since time records reflected only one and a quarter hours of work by Mr. Robinson on the prior repre-

sentation, he could not reasonably have gained confidential information in that time. Such evidence of disclosure of actual confidences may be presented *ex parte* in order to prevent further disclosure, and in weighing it a court will take into account the inability of the opposition to challenge it.

*Decora,* 899 F.Supp. at 138. This Court did take those factors into account.

The plaintiff should be permitted to present evidence *ex parte in camera* if it seeks to bolster its claim by showing that confidences were in fact conveyed to the former attorney. The very purpose of the substantial relationship test is to avoid the need for a former client to reveal confidential information in order to disqualify a former attorney. *See T.C. Theatre Corp. v. Warner Bros. Pictures,* 113 F.Supp. 265, 268–69 (S.D.N.Y.1953) (Weinfeld, J.). If the former client decides not to rely solely on the substantial relationship test and chooses to show affirmatively that confidences were actually conveyed, it would make no sense to abandon the purpose of the substantial relationship test and require the former client to reveal those confidences. *Ex parte* consideration of such an affirmative showing is a procedure that flows naturally from the need to avoid making disclosure of confidential information the price of disqualifying a former attorney. Similarly, while a court is permitted to consider *ex parte* submissions in determining whether the presumption that confidences were conveyed has been rebutted, it would defy reason to prohibit such submissions in determining whether confidences were actually conveyed in the first place. The substantial relationship test and the receipt of *ex parte* submissions are designed to protect the confidences of the former client and to avoid the necessity of its disclosing confidences to an adversary. The defendants' arguments simply ignore these considerations.

---

1. Pursuant to Rule 3(j) the parties should not have filed affidavits, although they did. The Court has considered fully the submissions made by all parties.

2. Transcript references are to the oral argument on the motion for disqualification heard on March 10, 1995.

Even if the receipt of the *ex parte* submissions were solely to support the existence of the substantial relationship test, rather than, as is plainly the case here, to show that confidential information was actually conveyed, it would still not be unprecedented. *See Rogers v. Pittston Co.*, 800 F.Supp. 350, 355 (W.D.Va.1992), *aff'd*, 996 F.2d 1212 (4th Cir.1993). Additionally, there is no significance to the fact that the Court received oral testimony as well as documents. Documents and affidavits often require explanation. Indeed, oral testimony affords the opportunity for the Court to examine the witness and provides a more suitable method of introducing evidence. As Judge Mansfield stressed in *Government of India*, district courts should devise methods, including *in camera* submissions, and other protective devices, to safeguard the interests of the former client. *See Government of India*, 569 F.2d at 741. Taking *in camera* oral testimony is one such method.

## II.

■ The defendants' second objection to disqualification is that it is inequitable for the plaintiff's law firm to seek to disqualify Robinson having advised him initially—but erroneously—that he had not worked on the Decora matter. There is nothing inequitable to complain about. While Robinson was incorrectly told by an attorney at the Hedman, Gibson law firm that Decora had only become a client after Robinson had left the firm, the record reflects that Robinson was told six days later by the plaintiffs' law firm that a conflict existed. (*See* Aff. of Thomas M. Gibson, sworn to Feb. 9, 1995, submitted in support of the original motion, at ¶¶ 3–4.) Robinson asked for evidence and continued to work on the case against his former client until he received it, after which a screening device was finally implemented. (*See* Aff. of Joseph R. Robinson, sworn to Feb. 24, 1995, submitted in opposition to the original motion, ¶¶ 8–17.) Nothing in this series of events is inequitable conduct that would militate against disqualification. The reasons for disqualification of Robinson remain clear, as explained in the Opinion. He worked on a substantially-related matter for his former client and actually received confidential information from that client. He cannot now take an adverse position.

The reasons for the disqualification of Darby & Darby, and the ineffectiveness of a screening device were also explained thoroughly in the Opinion, and Darby & Darby declines even to attempt to distinguish cases such as *Cheng v. GAF Corp.*, 631 F.2d 1052, 1057–58 (2d Cir.1980), *vacated on other grounds*, 450 U.S. 903, 101 S.Ct. 1338, 67 L.Ed.2d 327 (1981), and *Atasi Corp. v. Seagate Technology*, 847 F.2d 826, 831 (Fed.Cir. 1988), where screening devices were found ineffective. *See Decora*, 899 F.Supp. at 139–141. In this case, Robinson continued to work against his former client after having been told that the prior information given to him was incorrect and that there was indeed a conflict of interest.

The effectiveness of screening devices in individual cases must depend on an analysis of all the facts and circumstances of the particular case, which this Court performed in its Opinion. Darby & Darby has presented nothing to suggest that the original analysis was in any sense incorrect or that the Court misapprehended any legal standard. The fact that Robinson was under the mistaken impression that there was no conflict and continued to work on the matter for a week against his former client does nothing to alter the Court's considered view that, given all of the factors already identified, a screening device would not be effective in this case. Robinson continued to work on the matter even after being advised of the conflict, and in any event, even if he had been thoroughly screened from the outset, which clearly he was not, all of the other factors concerning the circumstances of this case would still lead to disqualification. *See, e.g., Cheng*, 631 F.2d at 1057 (attorney disqualified despite not having worked at all against his former client at his new firm).

Darby & Darby also argues that permitting its disqualification in this case will encourage "tactical" disqualification motions. This argument is simply wrong. The plaintiff incurred real costs by making the motion because it inevitably delayed the prosecution

of its own case while the disqualification motion was decided. The motion was made at the outset of the litigation when the defendants could easily have retained other competent patent counsel free of any conflicts. It is unlikely that a plaintiff would attach any tactical value to such a delay, and the defendants have offered no support for their contention that the plaintiff here seeks to stall its own lawsuit. Additionally, courts are very sensitive to the competing issues inherent in motions to disqualify and keenly aware of the need to assure that disqualification motions will be granted only when justified. Courts are quite capable of assuring such motions are not employed as tactical devices to delay litigation or simply to separate a client from counsel of its choice, factors this Court explicitly considered in its Opinion. *See Decora,* 899 F.Supp. at 141. Such motions should only be granted when they are warranted by the facts and the law, as is the case here.

### III.

■ Finally, the defendants' request for certification pursuant to 28 U.S.C. § 1292(b) is denied. Section 1292(b) provides that a district court may certify an order for appeal if it concludes (1) that the order involves a controlling question of law (2) as to which there are substantial grounds for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see Quantum Corp. v. Tandon Corp.,* 940 F.2d 642, 644 (Fed.Cir. 1991); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro In Amministrazione Straordinaria,* 921 F.2d 21, 23–24 (2d Cir.1990). Neither of the two issues described above "involve a controlling question of law as to which there is a substantial ground for difference of opinion," nor would an immediate appeal "materially advance the ultimate termination of the litigation." Both issues involve the application of well-settled principles of law to the facts of this case and do not begin to approach the threshold for certification under § 1292(b).[3] Only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer,* 921 F.2d at 25 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 2461, 57 L.Ed.2d 351 (1978)); *see Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp.,* 964 F.2d 85, 89 (2d Cir.1992) (urging district courts to "exercise great care in making a § 1292(b) certification"); *In re Del–Val Fin. Corp. Sec. Litig.,* 874 F.Supp. 81, 83 (S.D.N.Y.1995) (interlocutory appeal process "should be used sparingly"); *see also Ullrich v. Hearst Corp.,* 809 F.Supp. 229, 238–39 (S.D.N.Y.1992) (denying § 1292(b) certification of disqualification order). In light of the absence of any controlling questions of law as to which there are substantial grounds for differences of opinion, the only purpose served by certification would be to delay this case further rather than to advance its ultimate termination.

### IV.

Accordingly, for the reasons stated herein and for those stated at length in this Court's earlier Opinion on the motion for disqualification, the motion for reconsideration is denied. The motion for certification pursuant to 28 U.S.C. § 1292(b) and to continue the stay of this action pending appeal is also denied.

**SO ORDERED.**

---

**3.** The Supreme Court has determined that appeals from disqualification orders are neither reviewable as final orders under 28 U.S.C. § 1291, nor are they appealable under the collateral order doctrine. *See Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985).